**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In Re:**                                      Chapter 11

        LOVES FURNITURE, INC.        Case below  -- 21-40083 -TJT

_____/
LCN AVF Warren (MI) LLC and
LCN AVF Dearborn (MI) LLC        Civ. No. 21-10846 (SJM)

        Appellants,

v.

Loves Furniture, Inc.

        Appellee
_____/

**CORRECTED APPELLEE'S BRIEF**

**BUTZEL LONG, P.C.**

By:     Thomas B. Radom (P24631)
By:     Max J. Newman (P51483)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel: (248) 258-1616
E-mail:  radom@butzel.com
            newman@butzel.com
ATTORNEYS FOR APPELLEE

# TABLE OF CONTENTS

Index of Authorities                          iii

Counterstatement of Jurisdiction              1-7

Statement of the Case                         7-13

Summary of Argument                           14-15

Argument                                      16-19

Conclusion                                    20

Certificate of Compliance                     21

# TABLE OF AUTHORITIES

## Cases

*Adelman v. Fourth National Bank & Trust Co., N.A.* 893 F.2d 264- (10th Cir.1990). ...............................3

*Bullard v. Blue Hills Bank,* 575 U.S. 496, 135 S. Ct. 1686, 191 L. Ed.2d 621 (2015).....................1, 2, 13

*Firestone Tire & Rubber Co. v. Risjor*d, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) .................1

*In re Baby N'Kids Bedrooms, Inc.,* 2008 WL 9836333 (6th Cir. 2008)............................................*passim*

*In re Sunarhauserman, Inc.* 126 F.3d 811 (6th Cir. 1997)......................................................16

*In re Urban Broadcasting Corp.,* 304 B.R. 263 (E.D. Va. 2004) ..............................................2

*In re White Motor Corp.*, 831 F.2d 106 (6th Cir. 1987) ...............................................*passim*

*Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)* ............2

*Matter of Jartran, Inc.*, 732 F.2d 584 (7th Cir.1984) ......................................................16

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009).................1

*Osage Tribe of Indians of Oklahoma v. U.S.*, 263 Fed. Appx. 43 (D.C. Cir. 2008)..................................5

Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.), 801 F.2d 186, 189
(6th Cir.1986)......................................................................................................2

*The 1/2 Off Card Shop, Inc.*, 2001 WL 1822419 ........................................................*passim*

## Statutes

11 U.S.C. § 365(d)(3) ...............................................................................3, 4, 10, 15, 17

11 U.S.C. § 503(b) .........................................................................................*passim*

11 U.S.C. §365(a)...............................................................................................15

28 U.S.C. § 158(a) ..............................................................................................1

28 U.S.C. §1292 ................................................................................................2

## Rules

Fed. R. Bankr. P. 8004............................................................................................2

Fed. R. Bankr. P. 8003............................................................................................1

## Treatises

1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014)............................................2, 13

# COUNTERSTATEMENT OF JURISDICTION

**The District Court Lacks Subject Matter Jurisdiction Because (i) The Bankruptcy Court's March 31, 2021 Order Was Not A Final Order, and (ii) Appellant Failed to Seek Leave to Appeal**.

A district court obtains subject matter jurisdiction over a bankruptcy appeal if the bankruptcy court order appealed from is a final order or an interlocutory order upon which leave to appeal the order was granted by the district court. 28 U.S.C. § 158(a). A party may appeal as of right only from a final decision. Fed. Rule Bank. Pro. 8003. This rule reflects the conclusion that "[p]ermitting piecemeal, prejudgment appeals ... undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." *Bullard v. Blue Hills Bank,* 575 U.S. 496, 501, 135 S. Ct. 1686, 1690-1691, 191 L. Ed.2d. 621 (2015) *citing Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 106, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009) (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)).

Conversely, an interlocutory order is "one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause

on the merits." *In re Urban Broadcasting Corp.*, 304 B.R. 263, 269 n. 13 (E.D. Va. 2004) (citations omitted). If an order meets the definition of a final order, it may be appealed as of right. If it is interlocutory, then it may be appealed only with permission from the appellate court. Fed. R. Bankr. P. 8004; 28 U.S.C. §1292.

The Supreme Court has affirmed that the rules are different in bankruptcy because a bankruptcy case involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. *Bullard v. Blue Hills Bank,* 575 U.S. at 501, 135 S.Ct. at 1692 *citing* 1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014).

In the Sixth Circuit, A 'final' decision generally ends the litigation on its merits and leaves nothing for the court to do but execute the judgment." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.),* 801 F.2d 186, 189 (6th Cir.1986) (internal quotation marks and citation omitted). "The concept of 'finality' in the bankruptcy context," however, "should be viewed functionally," with appellate courts enforcing this threshold requirement "in a more pragmatic and less technical way in bankruptcy cases than in other situations." *Cottrell v. Schilling (In re Cottrell),* 876 F.2d 540, 541–42 (6th Cir.1989). A final order must "finally dispose[ ]" of a "discrete dispute[ ]" within the larger bankruptcy case. *See Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.),* 86 F.3d 482, 488

(6th Cir.1996); *see also Adelman v. Fourth National Bank & Trust Co., N.A. (In re Durability, Inc.),* 893 F.2d 264, 266- (10th Cir.1990) (explaining that "the appropriate 'judicial unit' for application of the[ ] finality requirement[ ] in bankruptcy is ... the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition").

In bankruptcy, many discrete issues are decided by motion. The motion is considered a stand-alone matter and a decision on the merits of the motion can qualify as a final order for purposes of appeal.   In this case, the motion is LCN's Motion.  Through LCN's Motion, LCN sought a ruling that certain rent and other obligations payable by the Debtor, as tenant, under the  Leases should be paid by the Debtor as a postpetition obligation under section 356(d)(3) or, .alternatively, under section 503(b) of the Bankruptcy Code. See, 11 U.S.C. § 365(d)(3) and 11 U.S.C. § 503(b).  At the hearing on LCN's Motion on March 24, 2021, LCN also argued that, the 2020 Winter real property taxes, an obligation that the Debtors were required to pay under the Leases, should also be treated as a post-petition lease expense under section 365(d)(3) of the Bankruptcy Code or an administrative expense under section 503(b)(1) of the Bankruptcy Code (the "Tax Issue").

In examining the Bankruptcy Court's March 31 Order in the context of finality, the Bankruptcy Court described its own Order as "LCN's Motion as "rul[ing] on certain issues, and order[ing] further proceedings on the Motion." DE 343, pg. 1. The March 31 Order ruled in favor of the Debtor on the issue of rent but directed further briefing on the Tax Issue. In its Brief, at pg. 3, LCN asserts that the March 31 Order is final because it "reflects a final ruling on a discrete component of LCN's motion, seeking, among other things, entry of an order compelling the Debtor to provide LCN with immediate and ongoing compensation pursuant to Bankruptcy Code §503(b)(1) for the Debtor's use and occupancy of certain Leased premises." LCN then asserts that the remaining issue is whether "LCN is entitled to an administrative expense under Bankruptcy Code §365(d)(3)[1] for real property taxes owed by the Debtor under the Leases." Brief at pg. 3. This is not how the claim for real property taxes was treated by the Bankruptcy Court.

To the contrary , the Bankruptcy Court described the remaining tax issue as "whether either of the LCN parties is, or both LCN Parties are, ***entitled to an allowed administrative expense, under 11 U.S.C. §503(b)(1)***, or entitled to payment from the Debtor under 11 U.S.C. §365(d)(3), because of the Debtor's obligation under the Leases to pay real property taxes, for the Winter taxes." (emphasis supplied). Not

---

[1] 11 U.S.C. §365(d)(3)

to be lost, the Tax Issue was part and parcel of, and would be considered, under the same motion, all at the behest of LCN. Its attempt to characterize the Tax Issue as separate and distinct from the rent issue, when the same motion, same legal issues, same statutes and same leases apply is simply disingenuous.

This is exactly the sort of inefficient and duplicative process that the final order rule was designed to prevent. Bottom line, the March 31 Order did not fully dispose of all issues under the Motion, all at LCN's doing, and, therefore cannot be deemed a final order that can be appealed as matter of right. *See, e.g. Osage Tribe of Indians of Oklahoma v. U.S.*, 263 Fed. Appx. 43, 44 (D.C. Cir. 2008)(Order adjudicating four lease claims in case involving thousands of leases could not be certified as final).

As stated previously, in order for a district court to have appellate jurisdiction over this case, the March 31 Order needs to constitute a final order. But even the Bankruptcy Court correctly observed in its May 28, 2021 Order on the Tax Issue that (i) its jurisdiction over the LCN Motion was divested by reason of LCN's Notice

of Appeal of the March 31 Order, and (ii) the March 31 Order was "probably not a final, appealable order."  DE 458[2]

Accordingly, this Appeal should be dismissed, and the case remanded for the completion of the further proceedings required in the March 31, 2021 Order.[3]

## STATEMENT OF THE CASE

The key facts in this Appeal are not in dispute.

Loves Furniture, Inc. ("Loves", or the "Debtor") engaged in the retail furniture business.[4]   The Debtor was founded to fill the vacuum in the midwestern retail furniture market created as a result of the bankruptcy and liquidation of the furniture stores run by Art Van Furniture, LLC and its affiliates (together, "Art Van").  DE 439, pg. 35.

---

[2] LCN states on pp. 3-4 of its Brief that the Bankruptcy Court's decision to "hold its ruling on the tax issue in abeyance pending resolution of this appeal" was made "notwithstanding the fact that the Bankruptcy Court has not been divested of jurisdiction to rule on the tax issue."  This statement is incredulous as it completely flies in the face of the Bankruptcy Court's May 28 Order that did find it was divested of jurisdiction by reason of LCN's appeal.  DE 458.
[3] We also feel compelled to respond to LCN's confounding argument on p. 5 of its Brief that this Court should retain jurisdiction to avoid "danger of denying justice by delay."  The delay is attributable to no one other than LCN for having taken this appeal prematurely which caused the Bankruptcy Court to lose jurisdiction to rule on the Tax Issue.  LCN has not filed a Motion to Withdraw the Reference.
[4] As of June 30, 2021, Loves ceased active business operations.

Some of those former Art Van retail locations, as well as the former Art Van headquarters and warehouse were owned by 2 related entities, LCN AVF Warren (MI) LLC and LCN AVF Dearborn (MI) LLC[5] (together, "LCN"). On October 1, 2020, Loves and LCN entered into four Lease Agreements dated as of October 1, 2020 (the "Leases"). DE 165, Brief, pg. 3[6]The Leases covered four retail store locations, 2 headquarters facilities[7] and a warehouse and distribution center (the "Leased Premises"). DE 165, Brief, pg. 3. The portions of the Leases that are relevant to this Appeal are substantially identical.

As LCN has noted in its Appellate Brief, the following facts are undisputed. The items in brackets were not referenced in LCN's Appellate Brief, but Loves believes that they are not in dispute:

A. The Leases require payment of rent on a quarterly basis [payable in advance] DE 165, pg. 84.

B. The quarterly total rent is $1,801,301.32.

---

[5] The AVF portion of the LCN entities' name reflects the heritage of these locations. AVF stands for Art Van Furniture.

[6] Pg. 15 of DE 165

[7] While it is immaterial to the outcome of this appeal, two of the Debtor's Leases included office space. One lease covered offices located at 6440 E. 14 Mile Road, Warren Michigan. Another lease bundled the Debtor's headquarters at 6500 E. 14 Mile Road, Warren, Michigan together with an adjoining retail location, a portion of the warehouse facility and 2 other retail locations.

C. The first payment of rent was due on October 31, 2020. Rent was subsequently due on January 1, April 1, July 1 and October 1 of each year.

D. The term of the Leases was 20 years.

E. The Leases also require payment of certain maintenance costs, insurance [and real property taxes].DE 165, pg. 153

F. Loves did not pay the rent due on October 31, 2020 or January 1, 2021.

G. On January 6, 2021 (the "Petition Date"), Loves filed a Voluntary Petition under Chapter of the Bankruptcy Code.DE 1

During the course of Loves' bankruptcy case, all of the Leases were rejected, with the rejections occurring as follow:

| Lease | Date of Rejection | Document Number |
|---|---|---|
| Dearborn Location | February 28, 2021 | DE 349 |
| 6440 Offices | March 31, 2021 | DE 348 |
| Warehouse and Distribution Center | March 31, 2021 | DE 350 |
| 6500 Offices and Remaining Locations | June 30 | DE 569 |

Until the Rejection Dates, Loves used the premises it leased from LCN, and those premises were important to its business operations. DE 165.

On February 2, 2021, LCN filed the motion that gave rise to the Court's decision below, the Motion of LCN AVF Warren (MI) LLC and LCN AVF Dearborn (MI) LLC Seeking Entry of an Order Compelling Debtor to Provide Immediate and Ongoing Compensation For Its Use And Occupancy of Certain Leased Premise ("LCN's Motion", DE 165). LCN's Motion sought payment of rent from the Debtor for the first quarter of 2021.

LCN's Motion sought payment of rent for the period after January 6, 2021 "pursuant to section 503(b)(1) of Title 11 of the United States Code…, or, in the alternative, pursuant to Bankruptcy Code §365(d)(3), and granting such other, further and different relief as this Court deems just and proper…" [See Proposed Order, DE 165 (pg. 5)]. LCN further asserted that the Leases had been terminated prior to the Petition Date, by notice dated on the Petition Date.

Debtor responded, asserting that the Leases had not been validly terminated under Michigan law prior to the Petition Date, and that first quarter 2021 rent payments were prepetition obligations because they came due before the Petition Date. DE 320

A hearing on LCN's Motion was held on March 24, 2021. During the hearing, LCN argued that, as a necessary part of LCN's Motion, the 2020 Winter real

property taxes, an obligation that the Debtor was required to pay under the Leases, should also be treated as a post-petition lease expense under section 365(d)(3) of the Bankruptcy Code or an administrative expense under section 503(b)(1) of the Bankruptcy Code (the "Tax Issue"). DE 343, pg. 7-8.

On March 31, 2021, the Court issued its *Opinion And Order Regarding The Motion For Immediate And Ongoing Compensation Filed By LCN AVF Warren (MI) LLC And LCN AVF Dearborn (MI) LLC ("March 31 Opinion", DE 343)*, 626 B.R. 291, 2021 WL 1235356 (Bankr. E.D. Mich. 2021) determining that (a) the Leases were not terminated prior to the Petition Date under their terms, and under applicable law; and (b) the Debtor was not obligated to make the January 1, 2021 rent (DE 343). Specifically, the Court, in ruling for the Debtor, wrote:

> The Debtor is not obligated to pay any rent for any part of this quarter under 11 U.S.C. § 365(d)(3). This is because the Debtor's obligation under the Leases to pay rent for the first quarter of 2021 did not to any extent "arise from and after the order for relief," within the meaning of § 365(d)(3). Rather, that obligation arose entirely before the order for relief (January 6, 2021), *i.e.*, on January 1, 2021. [DE 343, pg. 5].

DE 343 at p. 5

……..

> The Court concludes that the rent for the entire first quarter of 2021 is an obligation that must be deemed to have arisen prepetition. As a result, the Debtor has no obligation to pay the LCN Parties any rent for that quarter, under § 365(d)(3). This ruling is consistent with the approach taken by the following

> cases, which the Court finds persuasive and agrees with. *See*
> *In re Oreck Corp.*, 506 B.R. 500, 502-06 (Bankr. M.D. Tenn.
> 2014) (among other things, interpreting and applying *Koenig*
> *Sporting Goods, Inc. v. Morse Road Co.* (*In re Koenig*
> *Sporting Goods, Inc.*), 203 F.3d 986 (6th Cir. 2000)); *BK Novi*
> *Project, L.L.C. v. Stevenson* (*In re Baby N' Kids Bedrooms,*
> *Inc.*), No. 07-1606, 2008 WL 9836333 (6th Cir. March 26,
> 2008); *In re The 1/2 Off Card Shop, Inc.*, No. 00-48425-WS,
> 2001 WL 1822419 (Bankr. E.D. Mich. March 7, 2001).

DE 343 at p. 6

………

> Because of this, the entire rent obligation is deemed to be a
> pre-petition claim, and no administrative expense can be
> allowed for any such rent. *See Baby N' Kids Bedrooms, Inc.*,
> 2008 WL 9836333, at *2 (holding, among other things, that
> "[o]nly post-petition debts, however, can be treated as
> administrative expenses [under § 503(b)(1)]; *pre-petition*
> debts may not be granted administrative-expense priority.")
> (italics in original); *Oreck Corp.*, 506 B.R. at 506-09; *The 1/2*
> *Off Card Shop, Inc.*, 2001 WL 1822419, at *1-3.

DE 343 at p. 7. As to the Tax Issue, the Court directed further proceedings, including

additional briefing. DE 343 at 7-8.

On April 13, 2021, LCN filed a Notice of Appeal of the March 31 Opinion to

the U.S. District Court. DE 369.

After LCN filed its Notice of Appeal, the parties filed briefs in the Bankruptcy

Court regarding the Tax Issue. *See*, DE 367, 388, 392. The Debtor contended,

among other things, that LCN's commencement of this appeal meant that the

Bankruptcy Court no longer had jurisdiction over LCN's Motion, including the Tax Issue. DE 392, pg. 4-5.

The Bankruptcy Court required still further briefing from LCN on this jurisdictional issue (DE 402). On May 28, 2021, after LCN's Brief on the jurisdiction issue related to the Tax Issue (DE 415), the Bankruptcy Court entered a *FURTHER ORDER REGARDING FURTHER PROCEEDINGS ON THE UNRESOLVED PORTION OF THE MOTION FOR IMMEDIATE AND ONGOING COMPENSATION, FILED BY LCN AVF WARREN (MI) LLC AND LCN AVF DEARBORN (MI) LLC* (DE 458). In the May 28 Order, the Bankruptcy Court concluded that it should conduct no further proceedings on the LCN Motion because:

> The Debtor likely is correct that the appeal has divested this Court of jurisdiction and authority to take any further action on the Motion. This is so even though in this Court's view, the Order being appealed from probably is not a final, appealable order, and therefore the appeal probably should be dismissed for that reason. But that is a decision for the district court, rather than this Court, to make. which suspended proceedings on the Tax Issue during the pendency of this appeal. DE 458, pg. 2.

LCN has not sought to appeal the Bankruptcy Court's Order as an interlocutory order, and its appeal must be dismissed.

# SUMMARY OF THE ARGUMENT

## 1. The Court Lacks Appellate Jurisdiction Over this Matter

The Court does not have appellate jurisdiction over this matter. The Order from which LCN appeals is not a final order. Instead, it does not resolve all disputes between the parties, nor is it the sort of stand-alone proceeding described by the Supreme Court in *Bullard v. Blue Hills Bank,* 575 U.S. at 501, 135 S.Ct. at 1692 *citing* 1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014). Here, the Order appealed from describes itself as "rul[ing] on certain issues, and order[ing] further proceedings on the Motion." DE 343, pg. 1.

The Tax Issue remaining before the Bankruptcy Court involves the same motion, the same legal issues, the same statutes and the same leases. The Motion has not been fully resolved. LCN has not sought to appeal the Bankruptcy Court's Order as an interlocutory order, and its appeal must be dismissed.

## 2. Binding Sixth Circuit Precedent Establishes that LCN is Not Entitled to An Administrative Priority Claim

The only issue presented by LCN in this Appeal and decided by the Bankruptcy Court is whether LCN was entitled to an administrative claim under 11

U.S.C. §503(b)(1).  Binding Sixth Circuit precedent establishes that LCN is not so entitled.

As noted before, the Bankruptcy Court held that LCN's January 1 rent claim was a prepetition claim, and LCN has not appealed from that determination.  The Sixth Circuit has expressly held that "*[u]nder no circumstances* can the debtor's authority to operate its business under Section 1108 of the Code or to use property of the estate in the ordinary course of business under Section 363 be interpreted or extended to permit the transformation of pre-petition debt to an administrative expense."  *In re White Motor Corp.*, 831 F.2d 106, 111-112 (6th Cir. 1987)(emphasis supplied),  LCN's contention is that the Debtor's operation of its business under Section 1108 of the Code and use of property of the estate under Section 363 means that the post-petition use of property leased by LCN to the Debtor provided the bankruptcy estate with a benefit such that an independent claim for a post-petition administrative expense would arise under Section 503(b)(1).  A ruling in favor of LCN would improperly reverse *White Motor Corp.* which held that "under no circumstances" could the postpetition use of property transform LCN's prepetition claim into an equivalent post-petition claim.

**ARGUMENT**

A. The Bankruptcy Court properly denied LCN's request for an administrative claim for first quarter rent.

The Bankruptcy Court ruled that the Leases were not terminated prior to the Petition Date. DE 343, pg. 1-4. LCN did not appeal from the Bankruptcy Court's ruling that the Leases were not terminated prior to the Petition Date and therefore were unexpired leases of the Debtor under 11 U.S.C. §365(a).

The Bankruptcy Court also held that LCN's claim for January 1, 2021 rent was a prepetition claim. DE 343, pg. 7. Therefore, the Bankruptcy Court's held that it was not entitled to payment of rent under 11 U.S.C. §365(d)(3). LCN did not appeal from this ruling either.

Therefore, the only issue appealed by LCN is whether it was entitled to an administrative claim under 11 U.S.C. §503(b)(1).

The Bankruptcy Court rejected this claim succinctly, writing that:

> The Debtor is not obligated to pay any rent for the first quarter of 2021 as an allowed administrative expense, under 11 U.S.C. § 503(b)(1). This is because the Debtor's entire rent obligation for this quarter, under each of the unexpired

Leases, arose in its entirety on January 1, 2021, before the Debtor filed its bankruptcy petition on January 6, 2021. Because of this, the entire rent obligation is deemed to be a pre-petition claim, and no administrative expense can be allowed for any such rent. See *Baby N' Kids Bedrooms, Inc.*, 2008 WL 9836333, at *2 (holding, among other things, that "[o]nly post-petition debts, however, can be treated as administrative expenses [under § 503(b)(1)]; pre-petition debts may not be granted administrative-expense priority.") (italics in original); *Oreck Corp.*, 506 B.R. at 506-09; *The 1/2 Off Card Shop, Inc.*, 2001 WL 1822419, at *1-3.

The Bankruptcy Court's ruling is correct. Except as expressly provided in the Bankruptcy Code, only post-petition obligations can be administrative claims. *See, In re Sunarhauserman, Inc.* 126 F.3d 811, 818-819 (6th Cir. 1997)(Claim that arose prior to the Petition Date was not entitled to administrative claim status even if the benefit was received post-petition) *citing Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984)). "***Under no circumstances*** can the debtor's authority to operate its business under Section 1108 of the Code or to use property of the estate in the ordinary course of business under Section 363 be interpreted or extended to permit the transformation of pre-petition debt to an administrative expense." *In re White Motor Corp.*, 831 F.2d 106, 111-112 (6th Cir. 1987)(emphasis supplied), *In re Baby N'Kids Bedrooms, Inc.*, 2008 WL 9836333, pg. 2 (6th Cir. 2008).

In the *In re Baby N'Kids Bedrooms, Inc.* case, the Sixth Circuit rejected the exact argument made the LCN in this case. Like LCN, the landlord in the *Baby*

*N'Kids* asserted that, even though its rent claim was a prepetition claim, "calculated according to the number of post-petition days the debtor occupied the leased premises. *Id.* at 1. Holding against that "only post-petition debts, however, can be treated as administrative expenses; *pre-petition* debts may not be granted administrative-expense priority." *Id. at 2.*

What the Sixth Circuit has determined to be impermissible is exactly the rule of law urged by LCN. LCN acknowledges that its rent claim is a prepetition claim, but argues that the Debtor's use of facilities leased from LCN from January 6, 2021 until the various Rejection Dates transmogrifies the prepetition claim for rent into a postpetition administrative expense because the estate benefits from its postpetition use of the leased premises.

To bolster its claim, LCN asserts that the Bankruptcy Court based its decision solely on 11 U.S.C. §365(d)(3). This statement is factually incorrect – the Bankruptcy Court denied administrative priority to LCN's claim because denial was required by binding Sixth Circuit precedent which provides specifically that the Debtor's maintenance of its assets and operation of its business cannot convert a prepetition claim into a post-petition claim.

It is true that the Debtor occupied premises leased from LCN from January 6, 2021 to March 31, 2021.[8]  It is true that the Debtor in some ways benefitted from its occupation of the premises.  But it is also true that the statutory basis for the Debtor's operation of its business was Section 363 of the Bankruptcy Code, and the statutory basis for the Debtor's possession of its assets was Section 1108 of the Bankruptcy Code.  And it is true that the Sixth Circuit expressly ruled, in that "***[u]nder no circumstances*** can the debtor's authority to operate its business under Section 1108 of the Code or to use property of the estate in the ordinary course of business under Section 363 be interpreted or extended to permit the transformation of pre-petition debt to an administrative expense.  *In re White Motor Corp.*, 831 F.2d 106, 111-112 (6th Cir. 1987)(emphasis supplied).

The premise asserted by LCN is that post-petition use of leased premises creates a new post-petition claim equal to the prorated pre-petition claim.  LCN argues that the Leases create a presumptive value for the administrative claim arising from the stub-period occupancy of the Leased premises.  Appellant's Brief at pg. 21.  But the argument fails because the Sixth Circuit has already held that use and

---

[8] The Dearborn location was occupied from January 6, 2021 through February 28, 2021.

occupancy of the premises postpetition does not - under any circumstances -- create

a postpetition claim.  *In re White Motor Corp.*, 831 F.2d 106, 111-2 (6th Cir. 1987).

# CONCLUSION

WHEREFORE Loves requests that this Honorable Court dismiss LCN"s Appeal and that it remand this matter for further proceedings before the Bankruptcy Court.

Respectfully Submitted,

BUTZEL LONG, a professional corporation

 /s/ Max J. Newman_____
By:  Max J. Newman (P51483)
By:  Thomas B. Radom (P24631)
Attorneys for Loves
Stoneridge West
41000 Woodward Ave.
Bloomfield Hills, MI  48304
(248) 258-2907
newman@butzel.com

Dated:  July 16, 2021

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. Bankr. P. 8014(a)(10) and 8015(a)(7)(B) that this brief complies with Fed. R. Bankr. P. 8015(a)(7)(A) and (B) because it is 20 pages and contains 4,643 words as determined by the word-count function in Microsoft Word.  I further certify that this brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  July 23, 2021

/s/     Max J. Newman
Max J. Newman (P51483)
BUTZEL LONG, P.C.
Stoneridge West
41000 Woodward Ave.
Bloomfield Hills, MI  48304
(248) 258-2907
newman@butzel.com