UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re LOVES FURNITURE, INC.,

      Debtor,

                                     /

Case No. 2:21-cv-10846

HONORABLE STEPHEN J. MURPHY, III

LCN AVF WARREN (MI) LLC and
LCN AVF DEARBORN (MI) LLC,

      Appellants,

v.

LOVES FURNITURE, INC., and
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
LOVES FURNITURE, INC.,

      Appellees.

                                       /

**OPINION AND ORDER
<u>DISMISSING APPEAL [1] FOR LACK OF JURISDICTION</u>**

      Appellants have appealed a bankruptcy court order that partially denied their motion for compensation, which arose from Loves Furniture's use of its leased premises. ECF 1, PgID 6–14. After reviewing the parties' briefs and the bankruptcy court's opinion, the Court need not hold a hearing. *See* Fed. R. Bankr. P. 8013(c). For the reasons below, the Court will dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

      Loves Furniture is a debtor in Chapter 11 bankruptcy and is assigned as the debtor-in-possession. ECF 3-1, PgID 353. Loves signed several leases for commercial

1

and warehouse properties in the Metro-Detroit area. ECF 5, PgID 1364–507. Appellants are the landlords of the properties. *Id.* at 1365, 1439, 1461, 1485.

The landlords moved to compel Loves to compensate them for the use and occupancy of the leased properties. ECF 3-1, PgID 353. The landlords moved under 11 U.S.C. §§ 365(d)(3), 503(b)(1). *Id.* at 366. Section 365(d) allows rent payments from a debtor for real property leases; section 503(b)(1) allows payments for administrative expenses.

The bankruptcy court found that the landlords had no right to an allowed administrative expense under § 503(b)(1) or payment under § 365(d)(3) for *rent* through January to March 2021. ECF 1, PgID 9–10. The bankruptcy court, however, did not determine whether the landlords had a right to an allowed administrative expense under § 503(b)(1) or payment under § 365(d)(3) for *real property taxes* that Loves needed to pay. *Id.* at 12–13. The bankruptcy court noted that the parties did not brief the issue. *Id.* at 12. Instead, the parties raised it for the first time during the motion hearing in bankruptcy court. *Id.*; *see also In re Loves Furniture Inc.*, 21-40083, ECF 330 at 4:50–5:31 (Bankr. E.D. Mich. Mar. 24, 2021). As a result, the bankruptcy court asked the parties to submit supplemental briefing on the tax issue. ECF 1, PgID 12–13.

The next month, the landlords appealed the bankruptcy court's order. *Id.* at 2–3. After the landlords filed the notice of appeal, the bankruptcy court adjourned a hearing on the supplemental briefing because, according to the bankruptcy court, the order on appeal "is not a final, appealable order, and therefore the appeal probably

2

should be dismissed." *In re Loves Furniture Inc.*, 21-40083, ECF 458, PgID 2 (Bankr. E.D. Mich. May 28, 2021). Last, while the present appeal was pending, Loves ceased operations. ECF 7, PgID 1621 n.4.

## STANDARD OF REVIEW

The Court has jurisdiction to hear appeals of bankruptcy cases and proceedings from "final judgments, orders, and decrees," "interlocutory orders and decrees issued under section 1121(d) of title 11," and "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a).

## DISCUSSION

Bankruptcy appeals differ from ordinary civil appeals. "A bankruptcy case involves 'an aggregate of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (quotation omitted). For that reason, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of *discrete disputes within the larger case*." *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006) (emphasis in original) (quotation omitted). "The current bankruptcy appeals statute reflects this approach: It authorizes appeals as of right not only from final judgments in cases but from 'final judgments, orders, and decrees . . . in cases and proceedings.'" *Bullard*, 575 U.S. at 501–02 (omission in original) (quoting 28 U.S.C. § 158(a)).

The bankruptcy court's order is not a final order because "it did not conclusively resolve" the landlords' motion to compel compensation. *In re Wohleber*,

3

833 F. App'x 634, 638 (6th Cir. 2020); *see also In re Jackson Masonry, LLC*, 906 F.3d 494, 501 (6th Cir. 2018) ("In a nutshell, a bankruptcy order is final 'if it is both procedurally complete and determinative of substantive rights.'") (quotation omitted). Indeed, the bankruptcy court requested supplemental briefing to determine whether the landlords may be compensated based on Loves's need to pay real property taxes under the leases. ECF 1, PgID 12–13. The real property tax issue involved the same motion, legal issues, and statutes as the rent issue. *See id.* at 10, 12 (noting the question is whether Appellants are "entitled to an allowed administrative expense, under 11 U.S.C. § 503(b)(l), or entitled to payment from [Loves] under 11 U.S.C. § 365(d)(3), because of [Loves's] obligation under the [l]eases to pay real property taxes.").

Still, Appellants contended that "the [b]ankruptcy [c]ourt disposed of the discrete issue of whether [Appellants are] entitled to an administrative expense claim for the Debtor's postpetition use and occupancy of the [l]eased [p]remises during the Stub Period." ECF 9, PgID 1692. But the argument stretches the meaning of finality into an unworkable framework.

The Court must consider finality "in a more pragmatic and less technical way.'" *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008) (quotation omitted). Nothing is pragmatic about stripping away the bankruptcy court's jurisdiction every time the bankruptcy judge rules on some issues—but not all issues—in a motion simply because the bankruptcy judge requires supplemental briefing to decide what remains. In fact, allowing that practice would encourage

4

bankruptcy judges to decide issues without briefing. Here, the bankruptcy judge prudently asked for briefing on a "sufficiently complex" issue that the parties did not properly brief. ECF 1, PgID 12–13. What is more, the tax issue here relies on the same motion, legal issues, and statutes as the rent issue that the bankruptcy court resolved. *Id.* at 10, 12. In short, the bankruptcy court's order is not a final order for appeal purposes because issues are still pending from the motion.

Although the order is not final, the appeal is not automatically dismissed. *In re Lane*, 591 B.R. 298, 305 (B.A.P. 6th Cir. 2018). The landlords suggest that the Court should consider the appeal on an interlocutory basis. ECF 9, PgID 1694; *see* Fed. R. Bankr. P. 8004(d) (providing that a district court may consider a timely notice of appeal as a motion for leave to appeal an interlocutory order).

The Court looks to a four-part test to determine whether to grant leave to appeal an interlocutory order. *In re Lane*, 591 B.R. at 306. The landlords must show:

> (1) [t]he question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation.

*Id.* (alteration in original) (quotation omitted).

The Court must only grant leave to appeal interlocutory orders in "exceptional circumstances." *In re Wicheff*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998) (quotation omitted). The Court will deny leave to appeal interlocutory orders because the present appeal is unexceptional. Deciding the present appeal now "will result in a waste of judicial resources through needlessly duplicative proceedings and will unnecessarily

5

delay, rather than materially advance, the ultimate termination of this litigation." *Id.* After all, even if the Court were to rule on the issue, a party may later appeal the outstanding part of the bankruptcy court's order, which would prompt a piecemeal appeal of the same order. *See In re Gray*, 447 B.R. 524, 533 (E.D. Mich. 2011) ("[I]nterlocutory appeals 'contravene the judicial policy opposing piecemeal litigation and the disadvantages of delay and disruption associated with it.'") (quotation omitted). The Court will therefore deny leave to appeal an interlocutory order. As a result, the Court will dismiss the bankruptcy appeal for lack of jurisdiction and remand to the bankruptcy court.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the appeal [1] is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the bankruptcy court for further proceedings.

This is a final order that closes the bankruptcy appeal.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: October 14, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2021, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager